IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARKEE S. ROULS,             )
                                   )
           Petitioner,     )
                                   )
     v.                   )      Case No. 23-3098-JWL
                                 )
D. HUDSON, Warden, USP-Leavenworth,[1]  )
                                 )
           Respondent.   )
                                 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he has not received certain credit towards his release date. For the reasons set forth below, the Court **dismisses the petition without prejudice** to allow petitioner to exhaust his administrative remedies.

The exhaustion of administrative remedies is a prerequisite for relief under Section 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Regulations for the Bureau of Prisons (BOP) set forth the administrative steps a prisoner must follow: an attempt at informal resolution of a complaint; a formal request to the institution for an

---

[1] Although petitioner named the United States of America as the respondent in his petition, the Court has substituted D. Hudson, Warden of the United States Penitentiary at Leavenworth (petitioner's place of confinement), as the sole respondent in this matter, as the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242, 2243).

administrative remedy; a regional appeal; and a national appeal.  *See id.* (citing 28 C.F.R. §§ 542.13-.15.

Respondent argues that petitioner has not exhausted his administrative remedies as required.  In the petition, petitioner implicitly concedes that he has not done so, as he argues that exhaustion would be futile in his case "due to the time left on [his] sentence." Petitioner has not explained why that is the case, although respondent indicates that petitioner's projected release date is September 16, 2023.

It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *See id.*  This Court has held, however, that this exception is not satisfied merely because the petitioner may lose time in presentence release.  *See Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.); *see also Jamerson v. Hudson*, 2022 WL 17358270, at *2-3 (D. Kan. Dec. 1, 2022) (Lungstrum, J.) (quoting *Garner*).

Accordingly, the Court concludes that petitioner has not shown that exhaustion would be futile in this case, and the Court therefore dismisses the petition without prejudice to allow petitioner to exhaust before seeking relief in this Court.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed without prejudice**.

IT IS SO ORDERED.

Dated this 20th day of June, 2023, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge